# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERÓNICA E. NEGRÓN-COLÓN,<br><br>Defendant. | CRIMINAL NO. 18-622 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court are a U.S. Magistrate Judge's Report and Recommendation ("R&R") (Docket No. 47) regarding defendants' motion to suppress (Docket No. 34), and defendant's objections to the R&R (Docket No. 48). For the reasons explained below, the R&R is ADOPTED in its entirety, and the motion to suppress is DENIED.

## I.  INTRODUCTION

On August 31, 2018, U.S. Customs and Border Protection Officers ("CBPO") assigned to the Pan American Dock in San Juan, Puerto Rico, were conducting vehicle in-bound inspections for the Ferries Del Caribe M/V Kydon on its arrival from the Dominican Republic (Docket No. 47).[1] Defendant, who was among the Kydon passengers that day and driving a 2005 Ford Expedition, approached the primary inspection area. CBPO Romero-Rodríguez requested the vehicle's title and defendant's passport and noted that (i) the vehicle had recently been registered in defendant's name

---

[1] Those agents were Edwin Vicent Romero-Rodríguez and Orlando González (Docket No. 45 at p. 1).

and (ii) her passport had been recently issued, which raised a "red flag," as drug trafficking organizations tend to hire people to register vehicles in their names to bring illegal items from out of the country. Id. at pp. 1-2. Those facts, coupled with defendant's responses to questions the CBPOs posed and her behavior, resulted in the referral of defendant to secondary inspection. Id. at p. 2. She was asked to exit the vehicle and wait in the designated drivers' waiting area. During the inspection, two bricks of cocaine were found strapped to the back seat. Id. Afterwards, the officers cut into the upholstery of the back seat and found more cocaine. The complete inspection resulted in a total of 34.4 kilograms of cocaine. Id.

On September 20, 2018, defendant was indicted by the grand jury and charged with possessing with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841 (a)(1) (Docket No. 15). She moved to suppress the evidence seized at the time of her arrest for lack of probable cause, claiming the evidence was obtained through a warrantless search in violation of the Fourth Amendment (Docket No. 34). The government opposed (Docket No. 43). The matter was referred to U.S. Magistrate Judge Marcos E. López for an R&R (Docket Nos. 35 and 36). The Magistrate Judge held a hearing and issued an R&R recommending that defendant's motion be denied (Docket Nos. 45, 46 and 47).[2]

---

[2] At the hearing, the government called CBPO Romero-Rodríguez as a witness and submitted a redacted copy of defendant's passport, a picture of the interior of the case and two bricks, a picture of the interior of the car seat, a picture of stored bricks and the car seat cavity, a picture of the weight scale and a "Thermo Scientific" device, and a picture of a CPB tablet display (Docket Nos. 45 and 46). Defendant did not present any evidence, but was able to cross examine and re-cross CBP Officer Romero. Also, she presented arguments in support of the suppression request (Docket Nos. 45 and 47).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), the court may refer motions to a United States Magistrate Judge for an R&R. An adversely affected party may contest the R&R by filing objections within fourteen days of being served with a copy. Fed. R. Civ. P. 72(b). The court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1). It is free to accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id.

## III. DISCUSSION

Defendant claims that Romero's testimony was not credible because the photographs the government submitted into evidence show that the vehicle's seats had no detachable cover and that to gain access to the area were the packages were found, the back of the seats were torn, making it a "non-routine" search that required a search warrant (Docket No. 48). But there was substantial evidence upon which to credit the testimony: (i) the officer noted that the seats were unusually hard; (ii) he saw something strapped to the back of one of the seats and when he went to the seat next to it he saw the same thing: a package strapped to the back; (iii) at that point, the officers removed the seat cover of the back seat; (iv) the seat cover of defendant's car could be removed and replaced by hand without using or cutting anything to cut it; and (v) the cutting of the seats evinced in the pictures submitted into evidence occurred only *after* the first two kilograms of cocaine had been found (Docket No. 47 at p. 2 and n.2). Thus, the removal of the seat cover constituted a "routine search" because it did not entail any destruction or damage to the vehicle. Id. at p. 3-5. And, even if the search of the vehicle was "non-routine," the search was still permissible because, as stated in the R&R, it was supported by reasonable suspicion (Docket No. 47 at p. 5).

Defendant states that the affidavit in support of the Criminal Complaint (by Special Agent Elvis Medina) did not include any details as to the fact that the seats were "unusually hard" or "that there were two packages strapped to the back of the seat" (Docket No. 48 at ¶ 16 and Docket No. 1-1). But the purpose of an affidavit is not to set all the specific proof or details surrounding defendant's arrest. See, Armstrong v. Asselin, 734 F.3d 984, 990 (9th Cir. 2013)(while the government must set forth facts which the magistrate judge may assess in determining whether probable cause exists and not just rely on the affiant's conclusions, "all that is needed for a search or arrest warrant is probable cause, not proof"). Thus, the government had no obligation to include in the affidavit all of the details it provided at the suppression hearing. And although agent Romero gave more details at the hearing as to what transpired while CBPOs were conducting the inspection of defendant's vehicle, his testimony is consistent with the facts included in support of the affidavit.

### IV. CONCLUSION

After examining defendant's objections and conducting a de novo review of the Magistrate Judge's findings and legal conclusions, both are adequately supported by the record and the law. The Magistrate Judge effectively looked into and analyzed defendant's arguments in support of the motion to suppress. Defendant does not provide sufficient grounds justifying a change in the Magistrate Judge's well supported R&R. There is no need for another hearing. See United States v. Raddatz, 447 U.S. 667, 680-81 (1980)(a district court may accept the credibility determinations of a magistrate judge without hearing the live testimony of the witnesses); United States v. Cadieux, 295 F. Supp. 2d 133, 135 (D. Me. 2004)("[T]o require the district court to conduct a second evidentiary hearing whenever either party objects to the magistrate judge's credibility finding would frustrate the plain objective of Congress to alleviate the increasing congestion in district courts."). With this

in mind, the court ADOPTS the R&R (Docket No. 47) in its entirety and DENIES defendant's motion to suppress. A Status Conference is hereby set for February 27, 2020 at 9:00 a.m.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of February, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE